IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Equal Emp't Opportunity Comm'n, | NO. C 10-04757 JW |
| Plaintiff, | **ORDER RE. STATUS REPORT** |
| v. | |
| Robert Morgan Enters., | |
| Defendant. | |

On October 26, 2011, the Court issued an Order Granting Plaintiff's Motion for Civil Contempt of Consent Decree. (hereafter, "October 26 Order," Docket Item No. 31.) In its October 26 Order, the Court found that Defendant was in civil contempt, and imposed certain sanctions on Defendant. (Id. at 5-6.) In particular, the Court ordered Plaintiff to pay $15,000.00 to Rena Flores ("Flores") on or before November 9, 2011. (Id. at 6.) The Court also ordered Plaintiff to file a Status Report on or before November 14, 2011 "to inform the Court as to Defendant's compliance and whether any further action is necessary." (Id.)

Pursuant to the Court's October 26 Order, Plaintiff filed a Status Report on November 14, 2011. (Docket Item No. 33.) In its Status Report, Plaintiff contends that as of November 10, 2011, Defendant had only paid $1,000 to Flores, rather than the $15,000 required by the Court's October 26 Order. (Id. at 2.) Accordingly, Plaintiff contends that "[i]n light of Defendant's continuing disregard of [the] Court's orders," the Court should "consider a finding of criminal contempt against Defendant." (Id.) In particular, Plaintiff requests that the Court issue an Order to Show Cause to

Defendant to notify it that it "may be found to be in criminal contempt for its intentional violation of [the] Court's orders." (Id. at 3.) In response, Defendant has filed a Report contending that, in addition to its initial payment of $1,000 to Flores, it has made two additional payments to Flores of $500 each.[1] Further, Defendant contends that it is "making payments whenever it can" and "plans to pay [Flores] at least $1,000.00 per month." (Id. at 2.) Finally, Defendant contends that it is "doing its best to meet its obligations and will continue to do so." (Id.)

In light of Defendant's partial compliance with the Court's October 26 Order, and in light of Defendant's contentions that it is "doing its best" to comply with the Court's October 26 Order, the Court does not find good cause to set an Order to Show Cause re. Criminal Contempt at this time. Instead, the Court ORDERS as follows:

(1) On or before **January 30, 2012**, Defendant shall fully comply with the Court's October 26 Order. The Court admonishes Defendant that failure to fully comply with its October 26 Order by January 30, 2012 may result in Defendant being subject to criminal contempt.

(2) On or before **February 6, 2012**, Plaintiff shall file a Status Report to inform the Court as to Defendant's compliance and whether any further action is necessary.

Dated: December 14, 2011

JAMES WARE
United States District Chief Judge

---

[1] (See Morgan Enterprises' Report to the Court in Opposition to Plaintiff's Motion for Attorneys' Fees at 1-2, Docket Item No. 34.)

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cindy O'Hara cindy.ohara@eeoc.gov
David F. Offen-Brown David.Offen-Brown@eeoc.gov
Jonathan T. Peck Jonathan.Peck@eeoc.gov
Raymond T. Cheung raymond.cheung@eeoc.gov
Steven Allan Clair steveclair57@yahoo.com
William Robert Tamayo william.tamayo@eeoc.gov

**Dated: December 14, 2011**  **Richard W. Wieking, Clerk**

**By:** **/s/ JW Chambers**
**Susan Imbriani**
**Courtroom Deputy**