IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Equal Emp't Opportunity Comm'n, | NO. C 10-04757 JW |
| Plaintiff, | **ORDER TO SHOW CAUSE RE. CRIMINAL CONTEMPT** |
| v. | |
| Robert Morgan Enters., | |
| Defendant. | |

On October 26, 2011, the Court issued an Order Granting Plaintiff's Motion for Civil Contempt of Consent Decree. (hereafter, "October 26 Order," Docket Item No. 31.) In its October 26 Order, the Court found that Defendant was in civil contempt, and imposed certain sanctions on Defendant. (Id. at 5-6.) The Court ordered Plaintiff to file a Status Report on or before November 14, 2011 "to inform the Court as to Defendant's compliance and whether any further action is necessary." (Id. at 6.) Pursuant to the Court's October 26 Order, Plaintiff filed a Status Report on November 14, 2011. (Docket Item No. 33.) In its Status Report, Plaintiff contended that as of November 10, 2011, Defendant had only paid $1,000 to Rena Flores ("Flores"), rather than the $15,000 required by the Court's October 26 Order. (Id. at 2.)

In light of Defendant's partial compliance with the Court's October 26 Order, and in light of Defendant's contentions in response to Plaintiff's Status Report, the Court "[did] not find good cause to set an Order to Show Cause re. Criminal Contempt." (Order re. Status Report at 2, hereafter, "December 14 Order," Docket Item No. 37.) Instead, the Court ordered Defendant to

"fully comply" with the Court's October 26 Order by January 30, 2012, and admonished Defendant that "failure to fully comply with its October 26 Order by January 30, 2012 may result in Defendant being subject to criminal contempt." (Id.)

On February 2, 2012, Plaintiff filed a Status Report in which it contends that Defendant has not fully complied with the Court's October 26 Order. (hereafter, "February 2 Report," Docket Item No. 39.) In particular, Plaintiff contends that Defendant has only paid $3,500 to Flores, rather than the $15,000 payment required by the October 26 Order. (Id. at 2; see also October 26 Order at 5-6.) Further, Plaintiff contends that Defendant has not paid it $6,600 in attorney fees, even though it was ordered to do so by this Court "[o]n or before January 30, 2012."[1]

In light of Plaintiff's report regarding Defendant's continuing failure to comply with the Court's October 26 Order, as well as Defendant's failure to comply with the Court's Fee Order, the Court finds good cause to set an Order to Show Cause Hearing re. Criminal Contempt. Accordingly, on **March 5, 2012 at 9 a.m.**, Defendant shall appear to show cause, if any, by actual appearance in Court and by certification filed with the Court on or before **February 24, 2012**, why it should not be held in criminal contempt.

Dated: February 9, 2012

JAMES WARE
United States District Chief Judge

---

[1] (February 2 Report at 2-3; see also Order Granting Plaintiff's Motion for Attorney Fees at 4, hereafter, "Fee Order," Docket Item No. 38.)

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cindy O'Hara cindy.ohara@eeoc.gov
David F. Offen-Brown David.Offen-Brown@eeoc.gov
Jonathan T. Peck Jonathan.Peck@eeoc.gov
Raymond T. Cheung raymond.cheung@eeoc.gov
Steven Allan Clair steveclair57@yahoo.com
William Robert Tamayo william.tamayo@eeoc.gov

**Dated: February 9, 2012**                    **Richard W. Wieking, Clerk**

                                               **By:    /s/ JW Chambers**
                                                    **Susan Imbriani**
                                                    **Courtroom Deputy**